# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DARLENE W. LOW,
  Appellant,

  v.

DEPARTMENT OF ENERGY,
  Agency.

DOCKET NUMBER
DA-0752-14-0086-I-1

DATE: September 24, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Frederick C. Low, Esquire, Sixes, Oregon, for the appellant.

Kathy L. Black, Esquire, Portland, Oregon, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The agency removed the appellant from the GS-14 Safety and Occupational Manager position based on the charge of being absent without leave (AWOL) from January 28, 2013, through September 30, 2013. Initial Appeal File (IAF), Tab 17, Subtab 4b at 327, 111, 117. On appeal, the administrative judge found that the agency proved the charge. IAF, Tab 49, Initial Decision (ID) at 2. She also found that the appellant failed to prove her affirmative defense of harmful procedural error. The administrative judge found that the appellant showed that the agency had a policy that, when taking a removal action, the deciding official should be a higher level official in the chain of command than the proposing official and that the deciding official in the appellant's case was at the same level and in a different chain of command from the proposing official. ID at 3. The administrative judge also found that the appellant failed to show that the procedural error was harmful because the individual who would have been the deciding official (had the agency followed its policy) testified at the hearing that, if he had served as the deciding official, he would have removed the appellant. ID at 3. The administrative judge further found that the appellant failed to prove her affirmative defenses of retaliation for filing equal employment opportunity

(EEO) complaints, and sex and age discrimination. ID at 3-6. Finally, the administrative judge found that removal for the sustained charge was reasonable and promoted the efficiency of the service. ID at 6-8.

¶3		In her petition for review, the appellant contends that the administrative judge erred in finding that the agency did not commit harmful procedural error. Petition for Review (PFR) File, Tab 1. She asserts, as she did below, that the agency committed harmful error by failing to follow the agency's policy that the deciding official be of a higher grade in the chain of command than the proposing official.

¶4		Harmful procedural error is defined as error by an agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.56(c)(3). Harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Bair v. Department of Defense*, 117 M.S.P.R. 374, ¶ 8 (2012). The appellant bears the burden of proving her claim of harmful error by preponderant evidence. 5 C.F.R. § 1201.56(a)(2)(iii), (b)(1).

¶5		Here, the appellant did not respond to the notice of proposed removal. IAF, Tab 17, Subtab 4b at 111. She called the agency official, who would properly have been the deciding official under the agency's policy, as her witness at the hearing. IAF, Tab 39. As the administrative judge found, that official testified that he was aware that the appellant had been AWOL and had told the agency that she was not going to return to work. ID at 3. He testified further that a basic condition of employment is that an employee must come to work and emphasized that, if he had been the deciding official, he would have removed the appellant. ID at 3.

¶6     The appellant objects to this testimony, alleging that it was prompted by a person apparently acting as an agency technical advisor during the course of the hearing. The Board has long recognized the appropriateness of the presence of a technical advisor during the course of a hearing. *See Day v. Department of Housing & Urban Development*, 50 M.S.P.R. 680, 682-83 (1991), *aff'd*, 975 F.2d 870 (Fed. Cir. 1993) (Table). Moreover, the Board has found no error in a technical advisor consulting with agency counsel and witnesses during the hearing. *See Jeffers v. Veterans Administration*, 40 M.S.P.R. 567, 571-72, *aff'd*, 892 F.2d 1050 (Fed. Cir. 1989) (Table). Even assuming that the administrative judge erred in failing to disallow such consultation, the appellant has not shown how her rights were prejudiced thereby. The appellant has not identified any evidence that she was precluded from presenting due to the alleged actions of the technical advisor. Therefore, she has shown no basis upon which the Board should disallow the testimony of the witness from being considered. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (the administrative judge's procedural error is of no legal consequence unless it is shown that it has adversely affected a party's substantive rights). Under these circumstances, considering the testimony of the witness, who the appellant admits would have been the proper deciding official, we find that the appellant failed to meet her burden to show that the agency's violation of its policy constituted harmful error.

¶7     The appellant next argues as she did below that her AWOL was justified because the agency had breached a 1999 settlement agreement in an EEO complaint. The settlement agreement provided, inter alia, that the agency would place the appellant in a GS-14 position, giving her all the pay and benefits associated with that grade level. The appellant asserts that, although the agency had continuously given her the pay and benefits of a GS-14 level, the agency breached the agreement by failing to give her duties that were classified at the

GS-14 level, instead giving her duties that were classified at only the GS-12 level.

¶8      To the extent the appellant is challenging the validity of the settlement agreement, the Board lacks jurisdiction over that claim because the settlement agreement was not reached during the course of an appeal to the Board and was not made part of a Board record. *See, e.g.*, *Wobschall v. Department of the Air Force*, 43 M.S.P.R. 521, 523, *aff'd*, 918 F.2d 187 (Fed. Cir. 1990) (Table). Further, to the extent that the appellant is raising a separate claim that the GS-14 Safety and Occupational Manager position to which she was assigned was not classified at the GS-14 level because of a classification appeal decision rating the position at a GS-12 level, the Board lacks jurisdiction to review such a classification decisions. *See Crum v. Department of the Navy*, 75 M.S.P.R. 75, 81 (1997).

¶9      The appellant also reasserts her claim that the agency removed her in retaliation for filing EEO complaints. For an appellant to prevail on a contention of illegal retaliation, she has the burden of showing that: (1) she engaged in a protected activity; (2) the accused official knew of the protected activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *See Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986).

¶10      The administrative judge carefully considered the appellant's allegations of retaliation. As she found, both the proposing official and the individual, who would have been the deciding official under the agency's policy that the deciding official must be higher graded than the proposing official, were aware that the appellant had filed EEO complaints. ID at 4. She also found that the proposing official testified that he took the action because the appellant had been AWOL for over 6 months, and, although she was given every opportunity to return to her position, she consistently refused to do so. ID at 4-5. The administrative judge

found, moreover, that the individual, who would properly have been the deciding official, stressed in his testimony that he would have removed the appellant because coming to work, which the appellant failed to do, is a basic condition of employment. Implied in the administrative judge's findings is that she found these witnesses to be credible. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We therefore find that the administrative judge properly found that there was no genuine nexus between the alleged retaliation and the adverse action. *See Warren*, 804 F.2d 654, 656-58.

¶11        The appellant also asserts that the removal action does not promote the efficiency of the service. We disagree. Removal is warranted in response to the appellant's significant period of unauthorized absence from duty because of its obvious disruption to the efficiency of the service. *See Desiderio v. Department of the Navy*, 4 M.S.P.R. 84, 85 (1980) (unauthorized absence from duty is proper grounds for removal since by its very nature it disrupts the efficiency of the service). We also agree with the administrative judge that the agency proved that removal is a reasonable penalty under the circumstances. *See Foreman v. U.S. Postal Service*, 89 M.S.P.R. 328, ¶ 17 (2001) (being AWOL for 16 days is serious); *see also Maddux v. Department of the Air Force*, 68 M.S.P.R. 644, 645-46 (1995) (holding that removal is a reasonable penalty for approximately 2 weeks of AWOL, despite the fact that there were mitigating factors, including the employee's length of service and his personal problems).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.